# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5140 | **DATE** | 6/5/2001 |
| **CASE TITLE** | Joseph Ash vs. Theros International | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter Memorandum Opinion and Order. Plaintiff's Motion to Bar Defendants' Filing of Sealed Documents on Ex Parte Basis be, and the same hereby is, GRANTED (#69). Status hearing set for 6/29/01 at 9:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JUN 0 6 2001 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 01 JUN -5 PM 2:55 | |
| AC6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

Document Number: 74

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ASH; CATHERINE CARDIEL; MICHAEL KOBIELSKY; and FRANK COVENEY,<br><br>Plaintiffs,<br><br>v.<br><br><br><br>THEROS INTERNATIONAL GAMING, INC., an Illinois corporation; CHARLES BIDWELL, III; JEFFREY W. KROL; and EDWARD T. DUFFY, individually, and in their capacity as officers and directors of Theros International Gaming, Inc.,<br><br>Defendants. | Case No. 99 C 5140<br><br>Judge Wayne R. Anderson<br><br><br><br>Magistrate Judge Arlander Keys |

DOCKETED
JUN 0 6 2001

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Bar Defendants' Filing of Sealed Documents on *Ex Parte* Basis pursuant to Federal Rule of Civil Procedure 5(a) and *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). Because Defendants have not made a sufficient showing that the documents at issue are attorney-client privileged, and for the reasons set forth below, Plaintiffs' Motion is granted.

## DISCUSSION

On April 23, 2001, Defendants Bidwell, Duffy and Krol

(hereinafter referred to as the "Individual Defendants") filed a motion for leave to plead a cross-claim against Defendant Theros International Gaming, Inc. ("Theros") for a right of indemnification.[1] On April 27, 2001 – in connection with setting a briefing schedule for the indemnification claim – Counsel for Theros presented an un-noticed, oral motion requesting leave to file Theros' opposition to the indemnification motion both (a) under seal and (b) on an *ex parte* basis. Counsel for Plaintiffs initially did not object to Theros' request, apparently believing that the indemnification claim was a dispute between co-Defendants that did not concern them. Because Plaintiffs did not object, this Court stated in a minute order, on April 27, 2001, that Theros' opposition to the indemnification claim (based on an alleged conflict of interest, discussed *infra*) and the Individual Defendants' reply could be filed under seal, where the Court would review them *in camara* to decide if they should remain sealed.

However, after Plaintiffs had time to reflect on Theros' un-

---

[1] The indemnification motion was presented to this Court on April 27, 2001, and a briefing schedule was set. The Motion currently before the Court only concerns whether Defendants should be allowed to file documents under seal and on an *ex parte* basis for documents related to the indemnification claim. In other words, the substance of the indemnification claim is not being addressed in this Opinion.

noticed, oral motion requesting the sealing of documents on an *ex parte* basis, and after commencing research into the law governing both sealed and *ex parte* filings, Plaintiffs filed the present Motion to Bar Defendants' Filing of Sealed Documents on an *Ex Parte* Basis. Because the case law is clear that no portion of the record in a case may be sealed without a prior demonstration of "good cause" (*Citizens First Nat'l Bank, supra*, 178 F.3d at 946)[2], and because "good cause" has not been shown, the Court grants Plaintiffs' Motion.

Theros, acknowledging the import of *Citizens First Nat'l Bank*, contends that it has, indeed, made a sufficient showing of "good cause", asserting that the documents it seeks to seal on an *ex parte* basis are protected by the attorney-client privilege. According to Theros, Counsel for Individual Defendants Bidwell, Krol, and Duffy have put Theros in an untenable position, because Counsel for the Individual Defendants formerly represented Theros in connection with the same transactions/events which form the

---

[2] The Seventh Circuit in *Citizens First Nat'l Bank* admonished that "[m]ost cases endorse a presumption of public access to discovery materials and therefore require the district court to make a determination of *good cause before* he may enter the order [to seal documents]. Rule 26(c) would appear to require no less." 178 F.3d at 946 (internal citations omitted)(emphasis added).

basis of Plaintiffs' claims. Specifically, Theros maintains that George Lalich, from the law firm Nash, Lalich & Kralovec, was the former attorney for Theros, and that there is a conflict of interest with Mr. Lalich representing the Individual Defendants with respect to the cross-claim for indemnification against Theros, Mr. Lalich's former client. Therefore, Theros opposes the Individual Defendants filing a cross-claim for indemnification based on this alleged conflict of interest, and, apparently, plans to seek disqualification of Mr. Lalich and his firm.[3]

In order to prove this conflict of interest, Theros maintains that it needs to append attorney-client privileged materials to its opposition motion for indemnification. Therefore, it requests that it be allowed to file such documents under seal and on an *ex parte* basis. However, as the case law shows, in order to make a sufficient showing of attorney-client privileged communications, Theros must give the Court (and Plaintiffs) some indication of the

---

[3] Specifically, Theros asserts that Mr. Lalich and the Nash's firm's proposed filing of the cross-claim for indemnification would violate Rule 1.9 of the Rules of Professional Conduct, which prohibits a lawyer, who has formerly represented a client in a matter, from representing another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client. This Opinion does not address whether there is, indeed, a conflict of interest.

content and background of the documents - conclusory allegations will not suffice. *See, e.g., Christman v. Brauvin Realty Advisors, Inc.*, 185 F.R.D. 251, 257 (N.D. Ill. 1999)("To establish the protection of the attorney-client privilege, descriptions of privileged documents must contain sufficient information for the Court to ascertain the content of the documents."); *In re Stern Walters Partners, Inc.*, No. 94 C 5705, 1996 WL 115290, at * 4 (N.D. Ill. Mar. 13, 1996)(finding that, where the Court could not discern from the description of documents that privilege applied, documents would be produced). Furthermore, as explained in *Citizens First Nat'l Bank*, the burden is on Theros to "demarcate a set of documents clearly entitled without further inquiry to confidential status." 178 F.3d at 945.

Here, Theros - while not submitting a privilege log - claims, in its Response, that the documents which Theros wishes to submit will show that Mr. Lalich was a material witness to issues relating to the employment of Plaintiffs, and that Mr. Lalich was also a witness regarding the sufficiency of disclosure made to Theros' present owners, which will affect the validity of the indemnification agreement on which the proposed cross-claim is based. (Def.'s Response at 3-4.) Specifically, Theros explains,

in its Response, that the documents necessary to support its position include memoranda and correspondence (numbering less than five) between Mr. Lalich and Theros' then officers and directors regarding Plaintiffs' employment with Theros.[4] (*Id.* at 4.) That is the extent of the detail provided by Theros to support its claim of attorney-client privilege. While Theros asserts that such detail identifies who wrote, who received, and the subject matter of the documents sought to be protected, and, therefore, satisfies its burden of proving the privilege, the Court finds such detail (or lack thereof) grossly insufficient to justify the sealing of the documents or to allow them to be filed on an *ex parte* basis. While attorney-client privileged documents would constitute "good cause" under *Citizens First Nat'l Bank*, Theros must satisfy the Court that the documents are, indeed, protected by the attorney-client privilege.

As both parties know, not all communications between counsel

---

[4] Plaintiffs argue, in their Reply, that Theros' description of the documents at issue – far from establishing "good cause" for an entry of confidentiality – actually suggests that Theros is in possession of clearly relevant, non-privileged documents which were not produced during discovery. (Reply at 3.) Therefore, Plaintiffs request that the Court order these documents produced immediately. The Court, however, will not go that far. If Plaintiffs believe that certain documents pertaining to a discovery request have not been turned over, they may file a separate motion.

and clients are subject to the attorney-client privilege. Rather, the privilege only prevents disclosure of matters communicated to lawyers, in confidence, by their clients *for the purpose of seeking legal advice*. *Christman, supra,* 185 F.R.D. at 254 (citation omitted); *see also Rehling v. City of Chicago,* 207 F.3d 1009, 1019 (7th Cir. 2000)(finding that the attorney-client privilege is limited to situations where the attorney is acting as a legal advisor). Furthermore, there cannot be a blanket assertion of privilege; instead, privilege must be raised document by document. *Christman, supra,* 185 F.R.D. at 255.

In the case *sub judice*, Theros has made vague assertions that less than 5 documents/correspondence between Mr. Lalich and Theros are privileged, because they contain information regarding Plaintiffs' employment with Theros. There are no individual descriptions of each of the documents, no dates, and no mention as to whether the documents contain matters pertaining to the quest for legal advice. Such a paltry description is insufficient to justify the attorney-client privilege. *See Holifield v. U.S.*, 909 F.2d 201, 204 (7th Cir. 1990) ("Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client

relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies. Any attempt to make this type of determination without this factual foundation amounts to nothing more than a waste of judicial time and resources.")(citation omitted); *Christman, supra*, 185 F.R.D. at 255 ("[T]he attorney-client privilege does not protect documents whose descriptions are vague – and therefore insufficient to establish the privilege."). Therefore, because the Court finds Theros' description of the documents insufficient to justify the attorney-client privilege, Theros has failed to establish "good cause", as mandated by *Citizens First Nat'l Bank*, and, accordingly, the documents shall not be sealed.

Significantly, the Court finds for Plaintiffs solely on the ground that Theros has failed to allege enough detail to justify the attorney-client privilege.[5] Importantly, the Court is not

---

[5] The Court does not find Plaintiffs' argument that no privilege exists for documents exchanged between indemnitors and indemnities to be applicable to the case *sub judice*. The documents at issue in the case at bar are not documents exchanged between indemnitors and indemnities *per se,* as was the case in *Aiena v. Olsen*, 194 F.R.D. 134, 136 (S.D.N.Y. 2000) and *Home Ins. Co. v. Three I Truck Line, Inc.*, 59 F. Supp.2d 734 (N.D. Ill. 1999) – cases cited by Plaintiffs. Rather, the documents at issue are documents allegedly exchanged between Theros and Theros' attorneys, such as Mr. Lalich. Nonetheless, because

(continued...)

finding that Theros' production of the documents, in its opposition motion to indemnification, would necessarily constitute a waiver of the documents themselves, or a "subject matter" waiver for all communications between Theros and its alleged former counsel Mr. Lalich and the Nash firm. Because the issue of waiver (and its scope) is not presently before the Court, the Court will not, essentially, issue an advisory opinion.

The Court would like to point out, however, that it does not necessarily agree with Plaintiffs' (alternative) argument that affirmative reliance by Theros on the documents in question, as a substantive basis for opposing the amendment to the pleadings, automatically waives any colorable attorney-client privilege. While that is generally the case between two adversaries – to prevent one party from being able to selectively use privileged documents as both a sword and a shield (see generally *Graco Children's Products, Inc. v. Dressler, Goldsmith, Shore and Milnarnow. Ltd.*, No. 95 C 1303, 1995 WL 360590, at * 8 (N.D. Ill. June 14, 1995)(containing discussion on selective disclosure of privileged materials to gain tactical advantage)) – in the unique

---

[5](...continued)
Theros has not provided sufficient detail to justify the privilege, the Court finds for Plaintiffs.

circumstances of the case *sub judice*, where Plaintiffs are, essentially, a third party and not directly involved in the dispute between co-defendants (the true adversaries in the cross-claim for indemnification), there does not appear to be any tactical advantage gained - over Plaintiffs - by Theros' use of the documents. Whether this distinction will ultimately prevail, if the issue of waiver actually comes before the Court, is a question for another day. In sum, the Court finds for Plaintiffs on the narrow issue that Theros has not met its burden of proving attorney-client privilege. The Court, however, is not ruling - one way or the other - whether any kind of waiver has, or will, necessarily occur.

Finally, the Court notes that *ex parte* filings are the exception, as they offend the basic principle of the adversary process. There is no justification in the record to merit the filing of the documents at issue *ex parte*. The Court finds that there are absolutely no grounds - and Theros has cited no legal authority - to justify the filing of the documents at issue on an *ex parte* basis. Therefore, whatever documents Theros decides to use in its opposition motion to indemnification shall be produced to Plaintiffs and shall remain unsealed.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' Motion, and orders that the documents shall not be filed under seal or on an *ex parte* basis.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Bar Defendants' Filing of Sealed Documents on *Ex Parte* Basis be, and the same hereby is, GRANTED.

DATED: June 5, 2001

ENTER:

*Arlander Keys*

ARLANDER KEYS
United States Magistrate Judge