# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| | | DATE | 8/1/2001 |
| CASE NUMBER | 99 C 5140 | | |
| CASE TITLE | Joseph Ash etal. Vs. Theros International | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Individual Defendants' Motion for Leave to File a Cross-claim is hereby Granted (#67). Status hearing set for 08/17/01 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | AUG 0 1 2001 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 85 |
| | Notified counsel by telephone. | | docketing deputy initials | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 01 AUG -1 PM 1:40 | 8/1/2001 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | AC courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH ASH, CATHERINE CARDIEL, )
MICHAEL KOBIELSKY, and FRANK )
COVENY )
 )
      Plaintiffs, )
 )
      v. ) No. 99 C 5140
 )
THEROS INTERNATIONAL GAMING, ) Judge Wayne R. Andersen
INC., an Illinois corporation; )
CHARLES W. BIDWILL, III.; JEFFREY ) Magistrate Judge
W. KROL; and EDWARD T. DUFFY, ) Arlander Keys
individually, and in their )
capacity as officers and )
directors of Theros International )
Gaming, Inc. )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Individual Defendants' Motion for Leave to File a Cross-claim, pursuant to Federal Rule of Civil Procedure 13(g). For the reasons set forth below, the Court grants Individual Defendants' Motion.

### BACKGROUND

On August 6, 1999, Plaintiffs Joseph Ash, Catherine Cardiel, Michael Kobielsky, and Frank Coveney ("Plaintiffs") brought a diversity action against Defendant Theros International Gaming, Inc., ("Theros") and Defendants Charles W. Bidwell, III., Jeffrey

W. Krol, and Edward T. Duffy ("Individual Defendants") for fraud, equitable estoppel, and conversion against all Defendants, and promissory estoppel and breach of contract against Theros. Subsequently, Plaintiffs filed an Amended Complaint on January 28, 2000.[1] Specifically, Plaintiffs allege that they entered into employment contracts with Theros, to develop a casino in Patras, Greece, which contracts were breached, based on fraudulent representations by the Individual Defendants.[2]

Individual Defendants have participated in a settlement conference facilitated by Judge Andersen, with Plaintiffs and Theros. In addition, Individual Defendants allege that they have engaged in additional settlement discussions with Plantiffs. After these settlement discussions failed, and more than seven months prior to the close of discovery,[3] the Individual Defendants moved

---

[1] Both Theros and Individual Defendants filed their answers to Plaintiffs' Amended Complaint on March 5, 2001, after the Court denied Theros and Individual Defendants' Motions to Dismiss.

[2] Theros is an Illinois corporation, with offices in Chicago, Illinois. Plaintiffs allege that the Individual Defendants were officers and directors of Theros, and that Defendants Bidwell and Duffy were shareholders.

[3] Both Theros and Individual Defendants rely on incorrect discovery closing dates in their briefs. Theros claims that discovery closes on August 15, 2001, while Individual Defendants'
(continued...)

the Court for leave to file a cross-claim against Theros, on April 23, 2001, seeking indemnification in the event they are found to be liable to Plaintiffs. More specifically, they allege that they are entitled to indemnification, pursuant to a Stock Purchase Agreement ("SPA") entered into between the Individual Defendants and Theros' current owner, Theodore Mavrakis. The cross-claim is premised on the SPA provisions entitled "Litigation and Disputes", which acknowledges the existence of a dispute with employees dismissed from the casino, and "Indemnification". Theros now objects to Individual Defendants' motion, insisting that a conflict of interest exists by virtue of Theros' prior representation by Individual Defendants' present counsel, Nash, Lalich & Kravolec (the "Lalich Firm"), in matters relating to the current litigation. Specifically, Theros contends that the Lalich Firm's attempt to file a claim against its former client, violates Illinois Rule of

---

(...continued)
claim that this motion, filed on April 23, 2001, was brought two months prior to the close of discovery. The Court is uncertain as to how either party arrived at these respective dates. On January 26, 2001, the Court granted Plaintiffs' Motion to Adjust the Discovery Schedule, thereby extending the close of non-expert discovery to June 29, 2001, and all discovery to December 3, 2001.

Professional Conduct 1.9(a)(1).[4] Theros also contends that it would suffer prejudice if the Court allows Individual Defendants to file a cross-claim.

## DISCUSSION

Theros contends that Individual Defendants' motion for leave to file a cross-claim at this time would result in undue delay, which would result in prejudice to Theros. The Court rejects this contention. Rule 13(g) permits a party to file a cross-claim against a co-party arising out of the transaction or occurrence that is the subject matter of the original action,[5] Fed.R.Civ.P. 13(g), and should be liberally construed. *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952). Cross-claims prevent

---

[4]Theros also maintains that Illinois Rule of Professional Conduct 3.7 prevents the Lalich Firm from representing the Individual Defendants because George Lalich, a partner of the Lalich Firm, is a potential witness in the event the cross-claim is litigated.

[5]Rule 13(g) specifically states:
> A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed.R.Civ.P. 13(g).

-4-

the "circuity of action and [disposes] of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically." *Id.* Leave to file a cross-claim is to be freely given when justice so requires, and is brought pursuant to Fed.R.Civ.P. 15(a). However, the granting of such a motion is inappropriate in circumstances of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of the amendment. *Tragarz v. Keene Corp.*, 980 F.2d 411, 431 (7th Cir. 1993)(*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). If the underlying facts are proper subject of relief, the plaintiff should have the "opportunity to test his claim on the merits". *Foman*, 371 U.S. at 182. The District Court may deny leave if a justifiable reason exists, for it is within the court's discretion to grant or deny leave to amend. *Id.* To do otherwise, would be contrary to the "spirit of the Federal Rules". *Id.*

I. Undue Delay

Theros contends that the Individual Defendants' motion, brought near the close of discovery, will result in undue delay and will be prejudicial. Delay, by itself, is not an adequate basis for denying a motion to amend. *Tragarz*, 980 F.2d at 432. However,

the greater the delay, "the greater the presumption against granting leave to amend." *Tamari v. Bache & Co.*, 838 F.2d 904, 909 (7th Cir. 1988). Therefore, when the delay is extreme, it may be considered prejudicial. *Id.* (denying leave to amend where the ten year delay in bringing the motion was inexcusable); *see also, e.g., Profile Racing, Inc. v. Profile for Speed, Inc.*, No. 93 C 5175, 1995 WL 549108, at *1-2 (N.D. Ill. Sept. 11, 1995)(denying leave to amend where motion brought two years after original complaint filed was "a lengthy and unexplained delay"). Denying leave is appropriate when the movant fails to provide an adequate explanation for the delay in bringing the motion to amend, and where delay in granting it would cause further delay and burden the parties. *Hindo v. Univ. of Health Sciences/The Chicago Med. Sch.*, 65 F.3d 608, 615 (7th Cir. 1995). When determining whether to grant leave to amend, prejudice to the opposing party is the most important concern. *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999)(*citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). Therefore, a motion for leave to amend will not be denied on the basis of undue delay unless the delay in presenting the amendment results in undue prejudice. *Tragarz*, 980 F.2d at 432.

In the case *sub judice*, the Individual Defendants' delay was not so extreme as to warrant a presumption that Theros will be prejudiced. The motion was brought more than seven months before discovery closed. Furthermore, Individual Defendants have adequately explained the delay in bringing the motion.

In *Arroyo v. Henderson*, No. 98 C 0443, 1999 WL 446700, at *1-2 (N.D. Ill. June 23, 1999), the plaintiff sought leave to file a Fourth Amended Complaint five months after filing the Third Amended Complaint, after settlement efforts failed. The plaintiff reasserted claims based on two charges - one which was in his original Complaint. *Id.* at *1. The defendant objected to a grant of leave to amend, asserting that there was undue delay in filing the motion. *Id.* The court rejected the defendant's undue delay argument, finding that most of the delay was attributed to the parties' settlement discussions. *Id.* at *3. Furthermore, the defendant did not allege any prejudice stemming from the delay. *Id.* Accordingly, the court allowed the plaintiff to amend his Complaint based on the charge asserted in his original Complaint. *Id.* at *4.

Just as the plaintiff in *Arroyo* was exploring settlement with the defendant, here the Individual Defendants were also engaging in

-7-

settlement discussions with the other parties. The delay in presenting the motion could be attributed to the attempt in reaching settlement before trial. Since the Individual Defendants' delay was not extreme, and a valid explanation was provided, the Court will now determine whether undue prejudice would result from the delay in bringing the motion.

II. Undue Prejudice

Theros contends that granting leave to file a cross-claim would be prejudicial, since the motion, brought near the discovery cut-off date,[6] will require additional discovery, preventing it from properly defending itself. "Nearly every amendment results in some prejudice. Therefore, the test is whether undue prejudice will result." *American Broad. Co., Inc. v. Maljack*, No. 97 C 6510, 1998 WL 325209, at *1 (N.D. Ill. June 9, 1998). "Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the

---

[6]Theros contends that the fast-approaching discovery closing date will prevent it from conducting the discovery necessary to defend itself properly from Individual Defendants' cross-claim. However, the actual discovery closing date is December 3, 2001, more than seven months from the date Individual Defendants' sought leave to file a cross-claim. As discussed *infra*, this substantial period of time actually cuts against Theros' argument.

-8-

additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. at 283 (quoting *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975). Therefore, the court must balance the hardship to the moving party if leave to amend is denied, and the reasons for failing to include the material in the original pleading, against the injustice to the adverse party if the motion is granted, to determine whether there is sufficient prejudice to deny leave to amend. *Id.*

In *Eastern Natural Gas Corp. v. Aluminum Co. of America*, 126 F.3d 996, 997 (7th Cir. 1997), the defendant sought to file a counterclaim for fraud three months before trial. The plaintiff claimed that it was prejudiced by the late addition of the counterclaim because it had insufficient time to answer it, prepare for trial on the claim, or engage in meaningful discovery concerning the claim. *Id.* The Seventh Circuit upheld the district court's grant of leave to file the counterclaim because the defendant filed its motion two months before trial, the plaintiff had notice of the potential counterclaim three months before trial, when the defendants moved to reopen discovery, and much of the information concerning the fraud claim was available to the

plaintiff. *Id.* at 999-1000. *See also Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116, at * 4 (N.D. Ill. Sept. 2, 1997)(finding proposed amendment should not surprise or prejudice defendant, where defendant knew or had available the facts of the previously unasserted claim); *First Options of Chicago, Inc. v. Polonitza*, No. 88 C 2998, 1989 WL 8506, at *2 (N.D. Ill. Feb. 1, 1989)(finding defendant not unduly prejudiced by proposed amended complaint brought close to end of discovery, where most of the facts were known to the defendants and they were aware of contents of the amended complaint).

Similarly, in the case *sub judice*, Theros had notice of the potential cross-claim against it. Just as the plaintiff in *Eastern Natural Gas* had notice of the potential counterclaim, Theros had notice of the potential cross-claim through the SPA. Theros demonstrated its knowledge of the dispute concerning the employees - Plaintiffs - discharged from their employment with the casino in the "Litigation and Disputes" provision of the SPA. Additionally, the SPA's "Indemnification" section reflects that Theros agreed to indemnify the sellers - the Individual Defendants - for good faith actions made on behalf of the company prior to the closing. In light of these provisions, Theros had knowledge of the facts

concerning a possible indemnification cross-claim and possible litigation involving the dispute with the dismissed casino employees.

Furthermore, the Individual Defendants brought their motion to file a cross-claim more than seven months before discovery was to close - more than enough time to conduct additional discovery. *See In re Olympia Brewing Co. Sec. Litig.*, 674 F.Supp. 597, 606 (N.D. Ill. 1987)(finding that counterdefendants' knowledge of the motion to amend for three months, and the court's grant of leave two weeks before trial was adequate time to prepare); *Advent Elec., Inc. v. Buckman*, 918 F. Supp. 260, 263 (N.D. Ill. 1996)(granting motion to amend answer when motion was brought three months before discovery closed, because "such a delay does not justify denying leave to amend").

Moreover, the cross-claim will not necessitate substantial, additional discovery, as Theros claims. While Theros insists that production of additional documents and depositions will be necessary for its defense, the Court rejects this contention. The additional discovery needed will be minimal, at best. The Individual Defendants' indemnification cross-claim is dependent on the SPA they entered into with Theros' current owner. Therefore,

the pertinent inquiry is whether the SPA is valid or not. Consequently, substantial discovery is not warranted to answer this question. Theros will not suffer undue prejudice as a result of the Individual Defendants being granted leave. Because the additional discovery will not be overly burdensome, Theros had notice of the potential cross-claim, and there is adequate time to conduct discovery, if necessary, the Individual Defendants' interest in having the opportunity to be heard on the merits and in disposing of the related claim, which arises out of the subject matter of the original action, in one proceeding, outweighs any inconvenience to Theros. See Serfecz, supra, 1997 WL 543116, at *5 (finding that inconvenience created by additional, minimal discovery was insufficient to deny leave to amend); Maljack, supra, 1998 WL 325209, at *3 (finding that the mere need for additional discovery did not necessitate a finding of undue prejudice).

Alternatively, Theros argues that the Court should deny the Individual Defendants leave to file a cross-claim because there is a conflict of interest by virtue of Individual Defendants' current representation by the Lalich Firm, Theros' former counsel. Specifically, Theros asserts that the Lalich Firm currently represents the Individual Defendants in matters directly relating

to Plaintiffs' claims, and, that therefore, counsel would violate the Illinois Rules of Professional Conduct by filing the cross-claim.[7] Theros lists the factors it must show in order to disqualify its former counsel from representing Individual Defendants, outlined in Schwartz v. Cortelloni, 685 N.E.2d 871, 877-78 (Ill. 1997). While Theros may later move the Court to disqualify its former counsel, that is not the motion currently before the Court, and, therefore, the disqualification issue is not ripe for resolution at this time. Though Theros may have a valid conflict of interest claim, it will have to present a separate motion to disqualify in order to bring the issue before the Court. Therefore, the Court declines to substantively address the merits of Theros' challenge at this time.

As discussed supra, Rule 13 and 15 are liberally interpreted, and mandate granting leave to amend, absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. Theros has failed to show that undue prejudice will result from undue delay in bringing the motion;

---

[7]Theros also argues that George Lalich, a partner of the Lalich Firm, could be a key witness if the cross-claim is litigated; therefore, the firm could not represent the Individual Defendants or it would violate Illinois Rule of Professional Conduct 3.7.

thus, the Individual Defendants must have the opportunity to be heard on the merits of their claim. In accordance with the spirit of the rules, the Court does not find that an issue of possible disqualification in the future is a justifiable reason to deny Individual Defendants' leave to amend. Accordingly, the Court grants Individual Defendants leave to file a cross-claim.

## CONCLUSION

For the foregoing reasons, the Court finds that Individual Defendants have sufficiently explained the delay in bringing the motion, and that Theros would not be unduly prejudiced by the filing of the cross-claim. Accordingly, the Court grants Individual Defendants' motion for leave to file a cross-claim.

IT IS THEREFORE ORDERED that: Individual Defendants' Motion for Leave to File a Cross-claim be, and the same hereby is, GRANTED.

Dated: August 1, 2001        Enter:

_____
ARLANDER KEYS
United States Magistrate Judge