Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5140 | **DATE** | 4/25/2002 |
| **CASE TITLE** | Charles Bidwill, III et al vs. Theros International Gaming | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant Theros' motion to dismiss the cross-plaintiff's cross-claim for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1). This case is terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **APR 29 2002** date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | \0\ |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 02 APR 26 AM 9:31 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| CHARLES BIDWILL, III., JEFFREY W. KROL, and EDWARD T. DUFFY, | )<br>)<br>) |
| Plaintiffs, | ) No. 99 C 5140<br>) |
| v. | ) Wayne R. Andersen<br>) District Judge |
| THEROS INTERNATIONAL GAMING, an Illinois corporation, | )<br>) |
| Defendant. | ) |

DOCKETED
APR 29 2002

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of cross-defendant Theros International Gaming, Inc. to dismiss the cross-claim filed by cross-plaintiffs Charles Bidwell, Edward Duffy, and Jeffrey Krol for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, Theros' motion to dismiss is granted.

## BACKGROUND

On August 6, 1999, four former employees of Theros International Gaming, Inc. ("Theros") filed a complaint against Theros, Bidwell, Duffy, and Krol for a variety of claims arising out of their employment with Theros. Bidwell, Duffy, and Krol (hereinafter the "cross-plaintiffs") were all former officers and/or shareholders of Theros. In the complaint filed against the original defendants, subject matter jurisdiction over the plaintiffs' claims was based on 28 U.S.C. § 1332(a)(1), as the plaintiffs were citizens of different states than Theros, Bidwell, Duffy, and Krol and the amount in controversy exceeded $75,000. Diversity was the exclusive jurisdictional basis asserted for the plaintiffs' claims.

\[0\]

After the completion of discovery pertaining to the plaintiffs' underlying claims against the defendants, the cross-plaintiffs filed a cross-complaint against Theros on August 3, 2001 seeking indemnification from Theros for any amounts paid by them to the plaintiffs pursuant to any settlement or judgment. The cross-plaintiffs' indemnification claims were based on the terms of an asset purchase agreement executed in 1997.

Shortly after the cross-plaintiffs filed their cross-claim against Theros, both Theros and the cross-plaintiffs reached separate settlement agreements with the plaintiffs. Pursuant to those settlements, all of the plaintiffs' claims against Theros were dismissed with prejudice on October 29, 2001, and all of the plaintiffs' claims against the cross-plaintiffs were dismissed with prejudice on December 20, 2001. The cross-plaintiffs' claim for indemnification against Theros, however, remains pending in this Court. All parties agree that no discovery has taken place on the indemnification issue raised in the cross-claim.

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept all well-pled facts as true and "draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001) (citing *Rueth v. United States Envtl. Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993)). The plaintiff in a civil case is responsible for demonstrating that "diversity or federal question jurisdiction exists." *Minor v. Prudential Services, Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996).

This Court had jurisdiction over the initial lawsuit between the plaintiffs and the defendants pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. The cross-plaintiffs alleged jurisdiction over its state-law indemnification claim against Theros pursuant

2

to the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). Section 1367(a) extends the jurisdiction of federal district courts to all claims that are so related to the claim within the court's original jurisdiction that they form part of the same case or controversy within the meaning of Article III of the Constitution. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164, 118 S.Ct. 523 (1997) (citing 28 U.S.C. § 1367).

However, when all federal claims in a case are dismissed before trial, it is the general rule in this circuit that a "district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing 28 U.S.C. § 1367(c)(3)); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (holding that the usual practice is to dismiss without prejudice state supplemental claims when all federal claims have been dismissed); *Timm v. Mead Corp.*, 32 F.3d 273, 277 n.2 (holding that dismissal of federal claims at pleading stage usually counsels in favor of relinquishing state claims, for at that point judicial resources have not been too heavily taxed). In its decision in *Wright*, the Seventh Circuit discussed three well-recognized exceptions to this general rule. These exceptions are: 1) the statute of limitations has run on the pendant claim precluding the filing of a separate suit in state court; 2) substantial judicial resources have already been committed so that sending the case to another court will cause substantial duplication of effort; and 3) it is absolutely clear how pendant claims can be decided because the district court, in deciding the federal claim, resolved issues which were dispositive of the pendant claim or the state law claims were patently frivolous. 29 F.3d at 1250-52. *See also Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (affirming district court's decision not to exercise supplemental

3

jurisdiction over the plaintiff's state law claims after granting summary judgment on all of his federal claims).

In this case, we believe it is the cross-plaintiffs' burden to rebut the very strong presumption that this Court should relinquish supplemental jurisdiction once the federal claims have been resolved. We conclude that the cross-plaintiffs have not satisfied this burden because they have not established that the circumstances of this case in any way satisfy one of the three exceptions identified by the Seventh Circuit in *Wright*. As for the first exception, the cross-plaintiffs have not alleged that their state-law indemnification claim will be barred by the applicable statute of limitations if we relinquish supplemental jurisdiction. Second, we feel that judicial economy is not served by our retention of jurisdiction. The parties have conceded in their briefs that they have not undertaken any discovery on the indemnification claim. Further, while we are familiar with the issues raised in the underlying employment action against the original defendants, we are completely uninformed as to the salient facts of the cross-claim, other than what is generally alleged in the cross-complaint. In other words, we have expended virtually no judicial resources addressing the merits of the indemnification claim. At this point, the burden of the state law claim would be the same for a federal as for a state court, and there would be no substantial duplication of effort if the state law claims were tried in the state court. *See Wright*, 29 F.3d at 1251 (holding that the court should have relinquished jurisdiction when there was very little federal judicial investment in the state law claims). Finally, convenience is not served by this Court's retention of jurisdiction. The state law claims are not patently frivolous, nor is it absolutely clear to this Court how the supplemental state law claims will ultimately be decided.

In sum, there is no evidence that judicial economy, convenience, fairness or comity compel this Court to retain jurisdiction over the cross-claim for indemnification. This cross-claim belongs in state court. Therefore, we exercise our discretion in dismissing the cross-claim against Theros without prejudice for lack of subject matter jurisdiction. The cross-plaintiffs are free to file their indemnification claim in state court.

## CONCLUSION

For the foregoing reasons, we grant Theros' motion to dismiss the cross-plaintiffs' cross-claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 25, 2002